**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman Basic BRENNEN C. SNODGRASS**
**United States Air Force**

**ACM S32274**

**14 January 2016**

Sentence adjudged 27 August 2014 by SPCM convened at Keesler Air Force Base, Mississippi. Military Judge: Matthew S. Ward (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 6 months, and forfeiture of $1000.00 pay per month for 10 months.

Appellate Counsel for the Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Major Mary Ellen Payne; Gerald R. Bruce; and Tyler Smith (civilian intern).[1]

Before

MITCHELL, SANTORO, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Judge:

A military judge sitting alone as a special court-martial convicted Appellant, consistent with his pleas, of violating an order, divers wrongful uses of cocaine and marijuana, larceny, and breaking restriction, in violation of Articles 92, 112a, 121, and 134, UCMJ, 10 U.S.C. §§ 892, 912a, 921, and 934. The adjudged and approved sentence was a bad-conduct discharge, confinement for 6 months, and forfeiture of $1,000 pay per

---

[1] Mr. Tyler Smith was not a licensed attorney during his participation in this case. In accordance with AFCCA Rule of Practice and Procedure 6.1, he was supervised by attorneys admitted to practice before this court.

month for 10 months.[2]  Appellant requests relief for post-trial processing delays.  We decline to grant relief and affirm.

## Background

Appellant admitted to using crack cocaine 10–15 times and powdered cocaine 3–4 times with fellow Airmen.  When Appellant expressed interest in breaking his cocaine habit, one of his friends suggested that he try marijuana instead.  Although he smoked marijuana approximately 4–5 times during the charged time frame, it did not eliminate his cocaine addiction.  He stole an acoustic guitar, a PlayStation 3 and games, a television, and 12 DVDs from his dormitory suitemate to support his drug habit.

Appellant also violated his base commander's order not to enter a local establishment that sold drug paraphernalia and that had been determined to be prejudicial to good order and discipline (on the "off-limits" list).  Additionally, Appellant left base to meet with his drug supplier, violating a restriction imposed upon him pursuant to Article 15, UCMJ, 10 U.S.C. § 815, for missing an ADAPT (Alcohol and Drug Abuse Prevention and Treatment) appointment.

Additional facts necessary to resolve the assignment of error are included below.

## Post-Trial Processing

Appellant argues that the 35-day period between convening authority action and the forwarding of the case for our review warrants "meaningful relief," although no specific relief is requested.  *See United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006).  Following *Moreno*, the record of trial should have been docketed by this court within 30 days of the convening authority's action.  *Id.* at 142.

We review de novo Appellant's claim that he has been denied the due process right to a speedy post-trial review and appeal.  *Id.* at 135.  Here, the 35-day delay period triggers a presumption of unreasonable delay.  *Id.* at 142.  This requires us to examine the claim under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972):  (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice.  *Moreno*, 63 M.J. at 135.  If we are able to conclude directly that any error was harmless beyond a reasonable doubt, we do not need to engage in a separate analysis of each factor.  *See United States v. Allison*, 63 M.J. 365, 370–71 (C.A.A.F. 2006).

---

[2] The court-martial order (CMO) failed to include the words "forfeiture of" before the dollar amount and term the forfeitures were to run.  The military judge properly announced the sentence and the convening authority's action indicated that the sentence announced by the military judge was approved.  We therefore conclude that the omission was an administrative error and order the completion of a corrected CMO.

Appellant does not argue that he has been personally prejudiced by the delay. Instead, he urges us to provide relief to send a message to staff judge advocates that delays in post-trial processing will not be tolerated. *Moreno* identified three types of prejudice arising from post-trial processing delay: (1) oppressive incarceration, (2) anxiety and concern, and (3) impairment of ability to present a defense at a rehearing. *Id*. at 138–39. None are present or alleged in this case. While we agree that *Moreno* violations are unacceptable, we find beyond a reasonable doubt that Appellant was not harmed by the 35-day period from action to docketing and is thus not entitled to relief under *Moreno*.

However, that does not end the inquiry, as we may grant sentence relief under Article 66(c), UCMJ, 10 U.S.C. § 866(c), even when we find no prejudice in unreasonable post-trial delays. *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002); *see also United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006) (finding delays were "such that tolerating them would adversely affect the public's perception of the fairness and integrity of the military justice system). However, "[a]ppellate relief under Article 66(c) should be viewed as the last recourse to vindicate, where appropriate, an appellant's right to timely . . . review." *Tardif*, 57 M.J. at 225.

The Government submitted an affidavit from the special court-martial convening authority's chief of military justice. The affidavit contains a timeline of the post-trial processing actions taken in this case, including coordination with the general court-martial convening authority's staff judge advocate. Significant for our *Tardif* analysis is the fact that the processing time exceeded the *Moreno* standard by only five days, that the record of trial was forwarded for docketing with this court 28 days after action, and that we find no evidence of bad faith, gross negligence, or institutional neglect.

We have reviewed the entirety of the post-trial processing, including each of the steps identified by *Moreno* and the "non-exhaustive" list of factors we analyze when considering *Tardif* relief. *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015). We do not believe *Tardif* relief is warranted under the facts of this case.

*Conclusion*

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the findings and sentence are

**AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court